IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **NUCKOLS CROSSING, LTD** | § | |
| | § | |
| **V.** | § | A-16-CV-1064- LY |
| | § | |
| **GEORGE HOUSTON** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 8) and Plaintiff's Motion to Remand (Dkt. No. 10). The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules.

**I.  BACKGROUND**

Plaintiff, Nuckols Crossing, Ltd. filed this case on February 25, 2016, against George Houston in the Justice Court Precinct Four for Travis County, seeking to evict him from an apartment in the Woodway Village Apartments for failure to pay rent. Dkt. No. 9-3 at 31. The case went to trial on March 15, 2016, and a jury found for Nuckols Crossing and granted an eviction, back rent, and attorney's fees. *Id.* at 21-22. Houston appealed this judgment to Travis County Court at Law on March 21, 2016. Dkt. No. 9 at 30.

Roughly simultaneously with the eviction suit, on February 17, 2016, Houston filed his own suit in Justice Court against Nuckols Crossing, Ltd. and several others, raising a host of claims. *Houston v. Gonzalez, et al.*, Cause No. J4-CV-16-465 in the Justice Court Precinct Four for Travis

County. On July 21, 2016, Houston amended his petition in that case to add as defendants the Veteran's Administration and two of its employees. The United States thus removed that case to this Court on August 18, 2016, and it is now before this Court as *Houston v. Gonzalez*, No. 1:16-CV-986 LY.

Based on the fact that the case he filed had been removed to this Court, on September 9, 2016, Houston removed the eviction suit against him (then pending on appeal before Travis County Court at Law No. 1) to this Court, because he contends that it is a "companion case" to the suit removed by the VA. He did not pay a filing fee for the removal, so on September 15, 2016, the Court ordered Houston to either pay a filing fee or submit a request to proceed in this matter *in forma pauperis*. Dkt. No. 5. Houston filed his IFP application on September 21, 2016.

## II. ANALYSIS

**A.     IFP Status**

After considering Defendant George "Sam" Houston's financial affidavit, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Defendant *in forma pauperis* status in the instant case. Because Defendant has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the action pursuant to 28 U.S.C. §1915(e)(2).

**B.     Review under Section 1915 and Motion to Remand**

Section 1915(e)(2) provides that a court shall dismiss a case at any time if the court determines that "the action or appeal (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or

trivial.*" Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). In this instance, because Houston removed the case rather than filed it originally in this Court, the Court's review under § 1915 is focused on the propriety of his removal. Independently, Nuckols Crossing has filed a motion seeking remand of the case to state court, which directly attacks the removal as well. Dkt. No. 10.

In his notice of removal, Houston does not specify the basis for subject matter jurisdiction of this Court. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction extends to civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. The Court does not have diversity jurisdiction in this case, as both Houston and Plaintiff, Nuckols Crossing are Texas residents.

For federal question jurisdiction, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 n. 6 (1987). Generally, defendants sued in state court may remove an action to federal court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441; *Caterpillar*, 482 U.S. at 392. A court looks only at the plaintiff's well-pleaded complaint to determine if a claim arises under federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Moreover, the party seeking to remove the action to federal court has the burden of establishing that the district court has original jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable.

Generally, a state law claim cannot be recharacterized as a federal claim for the purpose of removal. Similarly, a case may not be removed to federal court on the basis of a federal defense. *Caterpillar*, 482 U.S. at 393.

Here, the underlying action is an eviction proceeding against Houston. Dkt. No. 9. Landlord-tenant disputes and eviction actions are state law claims. *Stump v. Potts*, 322 F. App'x 379, 380, 2009 WL 1033592 (5th Cir. 2009); *The Home Loan Cntr. v. Thompkins*, No. 06–10379, 2006 WL 335707, at *2 (E.D.Mich. Feb.14, 2006); *United Mut. Houses, L.P. v. Andujar*, 230 F.Supp.2d 349, 354 (S.D.N.Y.2002) (noting it is well established that the landlord-tenant relationship is fundamentally a matter of state law and that federal courts appropriately abstain from adjudicating those actions as they involve complex questions of state law). Houston does not provide any original basis for federal question jurisdiction; instead, he merely relies on the fact that what he contends is a "companion case" is currently pending in this Court.[1] An eviction proceeding is clearly based in state law, and is therefore not a federal question.

Though Houston does not cite specifically to the supplemental jurisdiction statute, he seems to imply that the "companion case" that is now pending before this Court based on the VA's removal, provides jurisdiction over the dispute, and this case is somehow supplemental to that. However, the supplemental jurisdiction statute only "encompasses 'other claims' in the same case

---

[1] In Houston's response, he appears to argue that removal was justified based on either: (1) a claim under the Civil Rights Act, or (2) a claim that Nuckols Crossing, in determining his rent obligation, imposed or used income that was exempt, in violation of 38 U.S.C. § 5301. The first argument fails as Nuckols Crossing's suit is a simple eviction claim, and it is Houston—in his suit—who is attempting to assert a Civil Rights Act claim. As discussed below, a separate case, even if related in subject matter, does not provide subject matter jurisdiction for this case. The second argument fails as at best it is a defense to the eviction proceeding, and a defense cannot establish federal question jurisdiction.

or controversy.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 523, 533 (1997) (citing 28 U.S.C. § 1367(a)). The two cases are not the same "case or controversy," but are two separate proceedings. Supplemental jurisdiction does not attach to a related, but separate case; instead, it is only used to allow a federal court to hear state law claims arising out of the same case or controversy raising the federal claim. Accordingly, the Court does not have supplemental jurisdiction over this case.

As part of the its motion to remand, Nuckols Crossing also seeks an award of attorney's fees for its costs in pursuing the remand of the case. While the Court agrees that the removal was baseless, Houston's indigency makes an award of fees pointless. At the same time, the undersigned notes that this is not the first frivolous or groundless lawsuit Houston has filed in this Court. *See Houston v. Bank of America*, N.A., No. 1:15-CV-570 RP; *Houston v. Senseki*, No. 1: 13-CV-097 LY. Further, as discussed, Houston also has another suit currently pending here. *Houston v. Gonzalez*, No. 1:16-CV-986 LY. A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Houston has such a history.

Houston's other suit is currently pending before the same district judge, and is also referred to the undersigned for all purposes. As the Court proceeds with that case, it will, in the context of that case, raise the issue of whether it is time to consider imposing sanctions on Houston, such as an injunction barring him from filing any future actions in the Western District of Texas without leave of court, or denial or removal of his *in forma pauperis* status.

## II.  RECOMMENDATION

Based upon the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Remand (Dkt. No. 10) and **REMAND** this case to the Travis County Court at Law No. 1.  The Court **FURTHER RECOMMENDS** that the District Court **DISMISS** all other pending motions as moot.  The Clerk is directed to remove this case from the undersigned's docket and return it to the docket of Judge Yeakel.

## III.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of October, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE